UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

FEB 2 7 2008

JOHN F CORCORAN, CLERK
BY: /s/ K. Dotson
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE No. 5:07cr00054 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| RIGOBERTO AGUILAR FLORES, | ) | |
| | ) | By:  Hon. James G. Welsh |
| Defendant | ) | U.S. Magistrate Judge |
| | ) | |

The Grand Jury previously returned an Indictment charging this defendant in Count One with knowingly and intentionally combining, conspiring, confederating, and agreeing with diverse persons, both known and unknown to the Grand Jury, to distribute, and possess with the intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), all in violation of Title 21, United States Code, Section 846; and in in Count Two with the knowing and willful possession with intent to distribute, on or about August 2, 2007, of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2. The defendant was previously arraigned and entered pleas of Not Guilty to each of these charges. The defendant having now indicated an intention to change his plea to one or more of the charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of Title 28 U.S.C. § 636(b)(3).

The plea hearing was conducted before the undersigned on February 19, 2008. The defendant was at all times present in person and with his counsel, Robert S. Kite. The United States was represented by Jeb T. Terrien, Assistant United States Attorney. Also present was a properly qualified interpreter for the defendant whom he could understand and who could understand him. *See* Rule 28, Federal Rules of Criminal Procedure. The proceedings were recorded by a court reporter. *See* Rule 11(g).

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to Count One of the Indictment.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that his full legal name is Rigoberto Aguilar Flores, that he was born in 1986, that he completed two years of high school in Mexico, and that he can understand only "a little" English. He stated, however, that he can understand and participate fully in the proceedings with the assistance of the Spanish language interpreter. He denied having any medical condition,

2

either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings. He similarly denied using any medication or drugs which might impair his ability to understand and participate fully in the proceedings, and he stated that his mind was clear. Counsel for the defendant represented that he had no reservations about the defendant's competency to change his pleas and to enter a plea of guilty to one of the charged offenses.

The defendant testified that he had discussed the charges with his attorney and that he had previously received a copy of the Indictment against him. He testified that he understood each of the charges against him, and he understood that each was a felony. *See* Rule 11(b)(1)(G). He testified that he had been given adequate time to prepare any defenses he might have to the charges contained in the Indictment, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea to the offense charged in Count one of the Indictment and to enter a plea of guilty to this charge.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement, and the government's understanding of the plea agreement was then stated in some detail, including the defendant's agreement to plead guilty to the offense alleged in Count One of the Indictment [¶ 1]; the defendant's acknowledgment of the maximum and mandatory minimum sentences for the offense set forth in Count One [¶ 1]; the defendant's obligation to pay a One Hundred Dollar ($100.00) special assessment [¶¶ 1, 5]; the defendant's waiver of his right to a jury determination of all sentencing guidelines issues [¶¶ 1,7]; the government's agreement, at the time of sentencing, to dismiss Count Two in exchange for the

3

defendant's plea of guilty [¶ 2]; the agreement's provision pertaining to the defendant's offense role [¶ 3]; the agreement's provision pertaining to the defendant's acceptance of responsibility [¶ 4]; the terms of the government's agreed sentencing recommendation [¶ 6]; the terms of the provision relating to the stipulated drug weight for the purposes of Guideline sections 2D1.1 and 1B1.3, including an acknowledgment that the court may disregard this stipulation and the defendant's agreement to be bound by the court's drug weight determination [¶ 7]; the terms of the defendant's waiver of his right to appeal his conviction and sentence [¶ 8]; the terms of the defendant's waiver of his rights to attack collaterally either his conviction or any part of the sentence which might be imposed by the court [¶¶ 8, 9]; the terms of the defendant's waiver of any right to access investigation or prosecution records [¶ 10]; the agreement's provision concerning any evidence proffered by the defendant [¶ 11]; the agreement's substantial assistance provision [¶ 12]; the government's agreement not to object to the defendant being given the benefit of sentencing under the "safety valve" provisions of Guidelines section 5C1.2 and 18 U.S.C. § 3553, and the defendant's agreement not to request application of this provision in the event he receives the benefit of a substantial assistance motion made pursuant to 18 U.S.C. § 3553(a) [¶ 13]; the agreement's provisions concerning the abandonment of any contraband [¶ 14]; the agreement's forfeiture provision [¶ 19]; the terms of the defendant's statute of limitations waiver [¶ 15]; and the substance of the agreements other terms [¶¶ 16-18 and 20-22].

Counsel for the defendant and the defendant then separately stated that their understanding of the plea agreement was the same as that set forth by the government's attorney. Counsel for the defendant further represented that all of the terms of the plea agreement had been fully translated and reviewed with the defendant and that he was satisfied that the defendant understood each of its terms.

4

The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter into the plea agreement or to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty. He stated that he knew that his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

He expressly acknowledged that he was proposing to enter a plea of guilty to Count One of the Indictment which charged him with the specific felony offense set forth above and also set forth in paragraph 1 of the written plea agreement.

After the attorney for the government stated the mandatory minimum penalty provided by law for the offense charged in Count One of the Indictment, the defendant acknowledged unequivocally that he understood five (5) years imprisonment to be the mandatory minimum penalty [1] which the court would be required to impose if his plea of guilty is accepted to Count One. *See* Rule 11(b)(1)(I).

After the attorney for the government stated the maximum possible penalty provided by law for the offense charged in Count One of the Indictment, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth

---

[1] The defendant was informed that a sentence of less than the mandatory minimum, however, was possible if the government in its discretion chose to make a motion pursuant to 18 U.S.C. § 3553(a) on his behalf, or if he qualified for the "safety valve" exception set forth in 18 U.S.C. § 3553(f).

5

in Count One of the Indictment to be confinement in a Federal penitentiary for forty (40) years and a $2,000,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K). He also stated that he knew that he would be required to pay a mandatory One Hundred Dollar ($100.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, he acknowledged that he understood the court would not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed

6

and he and the government each had an opportunity to challenge the facts reported by the probation officer. He acknowledged that he understood, irrespective of any sentence imposed by the court, he would have absolutely no right to withdraw his plea of guilty. He was informed and acknowledged that parole had been abolished and that he would not be released on parole.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to persist in his plea of not guilty and the attendant rights that he would waive upon entry of a guilty plea to Count One of the Indictment. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that he was pleading guilty because he was in fact guilty of the crime charged in Count One of the Indictment. He was asked to state in his own words what he did that made him guilty of this offense. He stated that, in August 2007 in the Harrisionburg,

7

Virginia area, he joined with two other individuals to distribute approximately fifty six (56) grams, more or less, of methamphetamine.

In response to further questioning to ensure that his proposed plea was voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) his plea did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that his decision to plead guilty was in fact fully voluntary on his part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the defendant's guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully translated and reviewed with the defendant, both the defendant and his attorney agreed that it fairly summarized the government's evidence.

After consultation with his attorney, the defendant waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging the defendant's violation of Title 21, United States Code, Section 846.

After entering his plea as aforesaid, after an independent basis for the plea was established and after being informed that the undersigned would recommend acceptance of his aforesaid plea, the defendant reiterated that his plea of guilty was fully voluntary and that he was fully satisfied with the

8

advice, assistance and services of his attorney. The defendant was then remanded to the custody of the United States Marshal, pending completion of a presentence report.

### B. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts outlining *inter alia* the offense elements, venue, laboratory analyses, and criminal intent. After ascertaining that the defendant was fully aware of its contents and that he and his attorney agreed to its accuracy, it was received and filed without objection and made a part of the record. It is incorporated herein and made a part hereof by reference.

### C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea of guilty to Count One;

2. The defendant is fully aware of the nature of the charge and the consequences of his guilty plea to the charge set forth in Count One;

3. The defendant is fully informed, and he understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. Before entering his plea of guilty, the defendant and the government reached a plea agreement which was reduced to writing;

9

5. The defendant's entry into the written plea agreement and his tender of a plea of guilty to Count One were both made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

7. The defendant's plea of guilty is fully voluntary and did not result from any force, threats, or promises other than those contained in the plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact supporting each essential element of the offense to which the defendant is pleading guilty.

## D. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept defendant's plea of guilty to Count One of the Indictment, that the defendant be adjudged guilty of this offense, that the government's motion to dismiss Count Two be granted, and that a sentencing hearing be scheduled before the presiding district judge on May 20, 2008 at 10:00 a.m.

## E. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of this court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 27th day of February 2008.

s/ James G. Welsh
United States Magistrate Judge